

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-82,602-01 AND WR-82,602-02

### EX PARTE LANCE ANDREW WILLIAMS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. F14-23578-N AND F14-51569-N IN THE 195TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of theft, and one charge of possession of a controlled substance, and was sentenced to eighteen months' state jail imprisonment. He did not appeal his convictions.

Applicant contends that his plea agreement was breached because the plea agreement specified that he would be receiving 218 days of back time credit in both cases and he was not awarded that amount of credit on the judgments.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and the trial prosecutor to respond to Applicant's claim that his plea agreement was breached. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant pleaded guilty pursuant to an agreement that he would receive 218 days of credit against his eighteen-month state jail sentence in both of these cases. If the time credit was part of the plea agreement, as the copies of the written plea agreements in the habeas records suggest, the trial court shall make findings as to whether Applicant is entitled to additional credit in these cases. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  January 28, 2015
Do not publish